UNITED STATES DISTRICT COURT

Northern District of California

DIWAN WILLIAMS,

        Plaintiff,

v.

SYSCO SAN FRANCISCO, INC.
TEAMSTERS LOCAL 853,

        Defendants.

No. C 10-03760 MEJ

**ORDER RE MOTIONS IN LIMINE**

On March 14, 2013, the Court held a pre-trial conference in this case, at which time it heard oral argument on the parties' motions in limine. After carefully considering the parties' arguments and controlling authorities, the Court now rules as follows.

**1.    Plaintiff's Motion in Limine #1 [Dkt. No. 77]**

Plaintiff seeks to exclude testimony and argument referring to Plaintiff lying, committing fraud, falsifying or misrepresenting his absence on March 7, 2010, to Defendant. Plaintiff argues that "the use of such loaded terms are irrelevant under Federal Rule of Evidence 401 and unfairly prejudicial under Federal Rule of Evidence 403 because characterizing Plaintiff's absence on March 7, 2010 and/or failure to provide a verbal or written notice to Sysco about the cancellation as fraud or misrepresentation is factually inaccurate and therefore an inflammatory characterization of Plaintiff's conduct."

Defendant responds that it intends to introduce evidence to support an after-acquired evidence defense in the event that the jury finds liability for damages.[1] It asserts that in order to meet its burden of proof on this defense, it must be permitted to present evidence of its disciplinary policies, prior application of the policies in similar circumstances, and whether relevant decision makers

---

[1] Defendant indicates that it does not intend to argue that Plaintiff committed "fraud."

would have terminated Plaintiff based on those policies. Thus, Defendant seeks to introduce evidence showing that Plaintiff's absence from work on March 7 involved a misrepresentation and dishonesty and therefore justified termination under its policies. Defendant thus argues that such evidence is relevant and not unfairly prejudicial.

The Court agrees with Defendant. The facts indicate that Defendant had approved military leave for Plaintiff for March 4 and 7, and that after Plaintiff was notified that the training had been cancelled, Plaintiff did not show up for work on March 7, and did not personally inform Defendant that the training had been cancelled. As part of its after-acquired evidence defense, Defendant may present such evidence and argue that by withholding such information, Plaintiff mislead Defendant into thinking he was on approved leave when he was not and that its policy states that dishonesty, including falsification of payroll records, provided grounds for termination on that basis. Thus, the Court finds that the evidence is relevant and that the probative value outweighs the danger of unfair prejudice. Accordingly, the Court **DENIES** Plaintiff's motion.

**2.      Plaintiff's Motion in Limine #2 [Dkt. No. 78]**

Plaintiff seeks to exclude evidence, argument, and testimony regarding Defendant's allegations of fraud against other Sysco employees, particularly, relating to falsification of leave on the grounds that such evidence is irrelevant and unfairly prejudicial. Plaintiff also argues that because Defendant has not identified these individuals, he has been deprived of the opportunity to conduct discovery regarding the relevancy of the circumstances of their termination and that such evidence would constitute unfair surprise.

Defendant responds that to meet its burden of proof on its after-acquired evidence defense, it must show that its decision makers would have terminated Plaintiff for taking a day off as military leave, when in fact he was not on military leave, based on the company's employee policies. Evidence that Defendant terminated other employees for similarly misrepresenting or falsifying leaves of absences is highly relevant to its defense and to show that it consistently applied its policies in circumstances of misrepresented or falsified leave. Defendant also argues that it produced relevant

documents referencing termination actions taken against Sysco employees between September 2006 and March 15, 2010 that were responsive to Plaintiff's Request for Production of Documents No. 9, including documents containing termination notices to employees based on falsification of FMLA leave. Defendant also included these documents in its exhibit list in the parties' pretrial conference statement. Defendant states that, pursuant to the parties' agreement, it redacted the names of employees from the produced documents. Defendant explains that it does not intend to produce undisclosed witnesses, but only seeks to present evidence indicating that other employees were terminated by the relevant decision makers for falsifying or misrepresenting leave. Thus, Defendant argues that the evidence is relevant and Plaintiff has no basis to claim unfair surprise.

The Court has considered the parties' arguments and agrees with Defendants that such evidence is relevant to the issue of how it treated other similarly-situated employees. Accordingly, the Court will allow such evidence, provided that the circumstances of the terminations of each of the individuals were properly disclosed to Plaintiff during discovery. The Court therefore **DENIES** Plaintiff's motion.

**3.     Plaintiff's Motion in Limine #3: Excluding Evidence of Undisclosed Employee Witness Allegedly Provided Military Leave by Defendant**

Plaintiff seeks to preclude Defendant from presenting any testimony from an undisclosed employee who was allegedly provided military leave by Defendant. At the hearing, Defendant indicated that it is not calling any undisclosed employee regarding military leave. Accordingly, the Court **DENIES** this motion as **MOOT**.

**4.     Plaintiff's Motion in Limine #4: Exclude Evidence of Military Leaves Provided to Other Sysco San Francisco Employees and Other Sysco-Related Entities**

Plaintiff seeks to exclude evidence, argument, or testimony or military leaves provided to other employees of Sysco San Francisco or any other Sysco-related entity. Plaintiff argues that "the undisclosed evidence of Defendant and other Sysco-related entities providing military leave to other

3

employees is completely irrelevant to Plaintiff's claim that Defendant took adverse actions against Plaintiff because of his status as a military service member and because of his military obligations." Particularly, Plaintiff argues that the testimony produced during discovery shows that these military leaves involved different decision markers, different corporate entities, different types of employees, and different time periods. At the hearing, Plaintiff also argued that evidence of other employees' treatment is irrelevant to the inquiry under § 4111(c) of USERRA applicable to his claim. Plaintiff further argues that the probative value of such evidence is outweighed by the danger of unfair prejudice. Finally, Plaintiff argues that Defendant failed to identify other employees of Sysco and Sysco-related entities who were granted military leave requests in response to Plaintiff's discovery requests and such witnesses should therefore be excluded pursuant to Federal Rule of Civil Procedure 37(c).

In response, Defendant first indicates that it does not intend to present evidence or testimony regarding military leaves granted to employees at other Sysco-related entities. Thus, Plaintiff's motion as to such evidence is moot.

With respect to evidence related to military leaves granted to other employees at Sysco San Francisco, Defendant argues that such evidence is relevant to the issue of whether Defendant harbored discriminatory animus towards military service member employees. Specifically, Defendant asserts that "the key question for the jury will be whether Plaintiff's military service member status was a 'motivating factor' in the decision to terminate him. Accordingly, evidence regarding en employer's treatment of other members of the protected class (here, other military service members) is especially relevant to the issue of the employer's discriminatory intent."

The Court has considered the parties' arguments, and rules as follows. Defendant may present evidence regarding military leaves granted to employees at Sysco San Francisco by the same decision makers (Judith LaFrentz and Jeff Szostak), provided Defendant properly produced such evidence to Plaintiff during discovery. Such evidence is relevant to the issue of whether Defendant acted with discriminatory animus in an USERRA case. *See Velazquez-Garcia v. Horizon Lines of Puerto Rico, Inc.*, 473 F.3d 11, 20 (1st Cir. 2007). Accordingly, the Court **DENIES** this motion.

**5. Defendant's Motion in Limine #1: Preclude Admission of Evidence of Last Chance Agreements**

Defendant seeks to preclude Plaintiff from introducing evidence regarding Sysco's provision of last chance agreements to other Sysco employees who were not military service members. Defendant argues that the only evidence of provision of last chance policies relates to individuals who were covered by a prior attendance policy, which Plaintiff was not under, and thus were not "similarly situated" to Plaintiff. Defendant thus argues that the evidence is irrelevant and unfairly prejudicial.

Plaintiff responds that the individuals who were offered last chance agreements were similarly situated in that they were terminated for violation of company policy and such evidence demonstrates that Defendant treated other non-military more favorable than Plaintiff.

The Court has considered the parties' arguments, and rules as follows. Plaintiff may present evidence that other employees who, like Plaintiff, were *exclusively* under the new attendance policy (*i.e.*, they were not covered under the previous attendance policy) were provided last chance agreements after they accrued sufficient points for termination.[2] Accordingly, the Court **GRANTS** this motion **IN PART** and **DENIES** the motion **IN PART**.

**6. Defendant's Motion in Limine #2: Preclude Admission of Evidence or Argument re Decisions and Opinions by the California Employment Development Department**

Defendant seeks to preclude Plaintiff from introducing into evidence the decision by the ALJ at the California Unemployment Insurance Appeal Board proceeding. It asserts that under California law, findings of fact or law by the California Unemployment Insurance Appeals Board regarding an employee's eligibility for unemployment benefits are inadmissible in "any separate or subsequent action or proceeding . . . before a judge of this state of the United States." Cal. Unempl. Ins. Code § 1960. Defendant further argues that the only district court case that has admitted a California

---

[2] Defendant shall provide to Plaintiff any discovery necessary regarding whether individuals who were offered last chance agreements were under Defendant's old or new attendance policy.

1  unemployment decision, *Baldwin v. Rice*, 144 F.R.D. 102 (E.D. Cal. 1992) is neither binding nor
2  applicable and has been criticized by later decisions.
3        Plaintiff responds that FRE 501 establishes that a state legislature cannot purport to make
4  binding pronouncements of law concerning what evidence may be privileged or otherwise
5  inadmissible in a federal court action involving claims based on federal law. Plaintiff also argues that
6  the fact Defendant contested his right to unemployment benefits constitutes evidence of adversarial
7  action against him and is therefore relevant to his discrimination claim. Plaintiff further contends
8  that, as in *Baldwin*, the decision by the ALJ discusses facts directly pertinent to issues in this case:
9  namely, Defendant's alleged reasons for discharge and Plaintiff's military service obligations.
10 Finally, Plaintiff argues that even if § 1960 applies, it applies only to the ALJ's findings of fact and
11 law, and does not preclude evidence that: (1) plaintiff filed a claim; (2) defendant contested the claim;
12 (3) any testimony submitted that falls outside the scope of § 1960.
13       The Court has considered the parties' arguments and agrees with Defendant that the ALJ's
14 decision is not relevant to Plaintiff's USERRA claim. Further, the Court finds that any probative
15 value would be outweighed by the danger of unfair prejudice to Defendant and a risk that the jury
16 would misconstrue the decision or any findings as evidence in this case. Accordingly, the Court
17 **GRANTS** Defendant's motion.

19       **IT IS SO ORDERED.**

21 Dated: April 1, 2013

22                                      Maria-Elena James
                                     United States Magistrate Judge