UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| DIWAN WILLIAMS,<br><br>        Plaintiff,<br>    v.<br><br>SYSCO SAN FRANCISCO, INC.,<br><br>        Defendant.<br>_____/ | No. C 10-03760 MEJ<br><br>**ORDER RE DEFENDANT'S MOTION TO PRECLUDE RECOVERY OF PUNITIVE DAMAGES** [Dkt. No. 101] |

## I.  INTRODUCTION

Pending before the Court is Defendant Sysco San Francisco, Inc.'s Motion to Preclude Recovery of Punitive Damages (Dkt. No. 101).  On March 19, 2013, Plaintiff Diwan Williams filed an Opposition (Dkt. No. 104).  Having carefully considered the parties' arguments and controlling authorities, the Court **DENIES** Defendant's Motion.

## II.  DISCUSSION

In its Motion, Defendant moves to preclude Plaintiff from introducing evidence relating to punitive damages at trial.  Specifically, Defendant urges the Court to preclude Plaintiff from seeking punitive damages because: "(1)USERRA's remedial scheme sufficiently punishes willful violations of the statute and precludes Plaintiff from bringing a separate claim for punitive damages under a wrongful termination theory; (2) the 'new right-exclusive remedy rule' prohibits an award of punitive damages based on alleged violations of USERRA and the California Military and Veterans Code section 394 *et seq.*; (3) double recovery for punitive damages is impermissible; and (4) Plaintiff is barred from requesting punitive damages at trial through his omission of punitive damages in his pretrial statement."  Mot. at 1.  The Court will examine each ground, in turn.

**A.     Whether USERRA Precludes Punitive Damages**

The parties first dispute whether USERRA preempts Plaintiff from seeking punitive damages pursuant to a tort claim under California law for termination in violation of public policy. The parties acknowledge that there is no Ninth Circuit authority on this issue and there is a split among the district courts that have addressed it.

As a starting point for this analysis, the Court notes that USERRA expressly envisions that it is meant to co-exist with state laws protecting service members from discrimination in the workplace. Specifically, § 4302 of USERRA, entitled "Relation to other law and plans or agreements," provides:

> (a) Nothing in this chapter shall supersede, nullify or diminish any Federal or State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that establishes a right or benefit that is more beneficial to, or is in addition to, a right or benefit provided for such person in this chapter.
>
> (b) This chapter supersedes any State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter, including the establishment of additional prerequisites to the exercise of any such right or the receipt of any such benefit.

Thus, in relation to rights and benefits provided by state law, paragraph (b) ensures that USERRA provides a baseline level of protection, but paragraph (a) expressly permits states to provide rights and benefits that are "more beneficial" or "in addition to" to those provided in USERRA.

The parties' instant dispute concerns the type of damages available when a plaintiff asserts a USERRA claim. Looking at the remedies provision of USERRA, § 4323(d) authorizes the Court to award the following relief:

> (A)  The court may require the employer to comply with the provisions of this chapter.
>
> (B)  The court may require the employer to compensate the person for any loss of wages or benefits suffered by reason of such employer's failure to comply with the provisions of this chapter.
>
> (C)  The court may require the employer to pay the person an amount equal to the amount referred to in subparagraph (B) as liquidated damages, if the court determines that the employer's failure to comply with the provisions of this chapter was willful.

38 U.S.C. § 4323(d)(A)-(C).

In this case, Plaintiff has asserted a California tort law claim for wrongful termination in

2

violation of public policy, pursuant to which Plaintiff seeks punitive damages. The question then is whether Plaintiff is limited to the relief authorized under USERRA, specifically, liquidate damages, or whether Plaintiff may seek punitive damages under his state law tort claim.

Defendant argues that even if USERRA does not authorize punitive damages, it provides adequate remedies, including punitive relief in the form of liquidated damages, to both compensate Plaintiff and deter any willful violations. Mot. at 1-2. Plaintiff, however, contends that Defendant's position ignores USERRA's express statement that it does not preempt state laws that provide additional or more beneficial remedies and argues that because USERRA does not authorize an award punitive damages, it does not provide an adequate remedy to fully redress his damages. Opp. at 4. Both parties cite multiple cases in support of their respective position. After thoroughly reviewing those decisions, and based on its own consideration of both the plain language of USERRA and its purpose, the Court agrees with Plaintiff.

In support of its argument, Defendant relies on decisions generally finding that state law wrongful discharge claims are unnecessary because USERRA both prohibits discrimination against service members (the public policy that would be protected by a state wrongful termination in violation of public policy tort claim) and provides a range of damages for violations. For example, in *Schmauch v. Honda of Am. Mfg.*, 311 F. Supp. 2d 631, 635 (S.D. Ohio 2003), the court rejected the plaintiff's argument that a wrongful discharge in violation of public policy claim under Ohio law was justified because USERRA did not provide for punitive damages. Instead, the court found that USERRA provided for compensatory damages to make the plaintiff whole and "even without punitive damages . . . USERRA's provision for liquidated damages operates to punish the defendant." *Id*. at 635-36. The court thus concluded that those remedies "provide[d] sufficient grounds . . . to find that the public policy set forth in the USERRA is not jeopardized by the inability of [the plaintiff] to make a public policy claim against [the employer]." *Id*. at 636. As to the cap on liquidated damages, the court opined that, "[a]t most, the statutory limits serve to prevent a plaintiff from recovering more than necessary to compensate him for his grievances." *Id*.

The district court in *McAlee v. Independence Blue Cross*, 798 F. Supp. 2d 601, 606 (E.D. Pa.

3

2011), reached the same conclusion, finding that the plaintiff could not maintain a cause of action for wrongful discharge under Pennsylvania law because USERRA provided an adequate statutory remedy for discriminatory discharge based on his membership in the military reserves. *Id*. at 605-6. The court rejected the plaintiff's argument that USERRA's remedies are not exclusive because it does not provide for emotional or punitive damages, finding that although USERRA does not provide for punitive damages, it authorized compensatory and liquidated damages, equitable remedies, and attorneys fees, which adequately protect the plaintiff's interests. *Id*. at 606.[1]

Citing these decisions, Defendant urges the Court to reach the same conclusion and find that USERRA provides a comprehensive remedial scheme and adequately provides punitive relief for willful violations through the liquidated damages provision. Mot. at 4.

Plaintiff, in contrast, cites several decisions finding that a plaintiff may pursue both a USERRA claim and a claim for wrongful discharge seeking punitive damages because USERRA does not preempt such a claim or type of relief. In *Hamovitz v. Santa Barbara Applied Research, Inc.*, 2010 WL 4117270, at *3, *8 (W.D. Pa. Oct. 19, 2010), after finding that "neither the language of USERRA explicitly bars Plaintiff's common law claims nor does the structure and purpose of USERRA bar such common law claims," the court found that USERRA also did not foreclose the plaintiff from additional remedies attendant to such common law claims. After surveying case law on the issue, including the *Schmauch* decision, the court opined:

> [T]he Court agrees with the reasoning of those courts which have found that USERRA remedies do not appear to be exclusive. Although Plaintiff could be reinstated and recover lost pay and benefits if he successfully proves his USERRA claims, there does not appear to be any statutory basis to compensate Plaintiff for any noneconomic damages and emotional losses which may have resulted from Defendants' alleged wrongful refusal to hire him or for a full range of punitive damages.

---

[1] Defendant also cites *Jeong Ko v. City of La Habra*, 2011 WL 1792820, at *4 (C.D. Cal. May 11, 2011), wherein the district court held that the plaintiff "may not recover exemplary or punitive damages because they may not be recovered in a suit based on USERRA." (citing *Woodward v. New York Health & Hosp. Corp.*, 554 F. Supp. 2d 329, 354 (E.D.N.Y. 2008); and *Schmauch, Inc.*, 311 F. Supp. 2d at 635. *Jeong*, however, provides no meaningful analysis of this issue and does not indicate whether the plaintiff had asserted a state law claim seeking punitive damages or was simply seeking punitive damages as part of his USERRA claim. As such, *Jeong* provides no guidance in this case.

4

> In this case, Plaintiff asserts that he suffered emotion distress, embarrassment, and humiliation as a result of Defendants' alleged wrongful conduct. Because USERRA does not provide any meaningful route to compensation for these types of alleged losses, and in light of the plain language of USERRA, the Court finds and rules that Plaintiff's remedies under USERRA do not appear to be exclusive. Accordingly, Plaintiff is entitled to seek additional tort damages for emotional distress, embarrassment and humiliation, as well as punitive damages, as are available under Pennsylvania common law.

*Id*. at *8.

Similarly, in *Patton v. Target Corp.*, 2007 WL 894560, at *1 (D. Or. Mar. 21, 2007), the plaintiff asserted a USERRA claim and a claim for wrongful discharge in violation of Oregon common law. The court noted that under Oregon law, a wrongful discharge claim is not available if an existing remedy adequately protects the public interest in question. *Id*. at *9. The defendant argued that USERRA remedies were sufficient to preclude the plaintiff's wrongful discharge claim; the plaintiff, however, maintained that USERRA did not provide an adequate statutory remedy because it does not allow recovery for any noneconomic damages and emotional losses resulting from the wrongful discharge or for a full range of punitive damages. *Id*. at *9-10. Like the plaintiff in *Hamovitz*, the plaintiff in *Patton* alleged that he suffered humiliation, depression, and anxiety as a result of his termination, and argued that because USERRA did not provide a remedy for those injuries, his common law claim was the only meaningful way to achieve fair compensation. *Id*. at *10. The court agreed with the plaintiff that his remedies under USERRA were inadequate, reasoning:

> Although Plaintiff could be reinstated and recover back pay and benefits if he successfully proves his USERRA claims, there does not appear to be any statutory basis to compensate Plaintiff for the highly personal nature of his claimed injuries. Moreover, it is not clear whether Plaintiff's right to "liquidated damages" provides any meaningful route to adequate compensation for these types of alleged losses.

*Id*. at 10. The court therefore denied the defendant's motion for summary judgment as to the wrongful discharge claim. [2]

---

[2] Although with less analysis, other federal courts have also allowed plaintiffs to assert a wrongful discharge claim seeking punitive damages in addition to a USERRA claim. *See Romero v. Akal Sec., Inc.*, 2010 WL 1688163, at *7 (S.D. Cal. Apr. 23, 2010) (denying summary judgment on punitive damages in connection with wrongful termination claim when material issues of fact

1    Citing the foregoing cases, Plaintiff argues that the Court should take the same approach and
2 find that USERRA does not preclude him from seeking punitive damages as part of a state law tort
3 claim.

4    After carefully considering the parties' authorities and based on its review of the statutory
5 language, the Court finds the reasoning in *Hamovitz* and *Patton* to be sound.  By its plain terms,
6 USERRA leaves open the potential for a plaintiff to assert state claims that provide greater rights or
7 benefits than those set forth in USERRA.  By intentionally allowing a plaintiff to assert additional
8 state claims, USERRA necessarily also leaves open the possibility of additional remedies or damages
9 attendant to such claims, including punitive damages.  While USERRA does provide for liquidated
10 damages – which the Court finds are punitive in nature – USERRA caps such damages.  In cases such
11 as the instant action, where Plaintiff alleges that Defendant acted intentionally and that he suffered
12 emotional distress, mental anguish, humiliation, and mental injuries as a result of Defendant's
13 conduct, the compensatory and liquidated damages authorized in USERRA do not provide an avenue
14 for Plaintiff to seek full recovery for such injuries.  Thus, this Court finds that Plaintiff's wrongful
15 discharge in violation of public policy claim seeking punitive damages is not preempted by USERRA
16 and allows Plaintiff to seek remedies not provided for under USERRA in order to fully compensate
17 him for his losses and to deter future violative conduct by Defendant.

18    Further, the Court finds the same logic applies with respect to California Military and
19 Veterans Code section 394.  Like USERRA, this statute expressly states that: "The remedies provided
20 for in this section are not intended to be exclusive."  Cal. Mil. & Vet. Code § 394(h).  In light of such
21 language, Defendant has not set forth any persuasive argument as to why this statute forecloses
22 Plaintiff from asserting a wrongful termination claim seeking punitive damages.  The Court therefore
23 finds that section 394 does not preclude Plaintiff from seeking punitive damages.  *See Carpenter v.*
24 *Forest Meadows Owners Assoc.*, 2011 WL 3207778, at *15-19 & n.12 (E.D. Cal. July 27, 2011).

---

existed as to whether the defendant acted with discriminatory intent for purposes of USERRA and Cal. Mil. & Vet. Code); *Kirbyson v. Tesoro Refining & Mktg. Co.*, 795 F. Supp. 2d 930, 947 (N.D. Cal. 2011) (granting summary judgment on punitive damages claim based on lack of evidence).

### B. Whether Punitive Damages Are Barred by the "New Right-Exclusive Remedy" Rule

Defendant next argues that the "new right-exclusive remedy rule" prohibits an award of punitive damages based on the claims Plaintiff is asserting under USERRA and the California Military and Veterans Code. Mot. at 5. The California Supreme Court has recognized that, "As a general rule, where a statute creates a right that did not exist at common law and provides a comprehensive and detailed remedial scheme for its enforcement, the statutory remedy is exclusive." *Rojo v. Kilger*, 52 Cal. 3d 65, 79 (1990). Defendant argues that "[b]ecause Plaintiff's claims are based on statutory rights with no analogue at common law which do not provide for the right to recover punitive damages, the request for punitive damages in connection with such claims is improper and contravenes the longstanding 'new right-exclusive remedy' rule." Mot. at 6. The Court, however, disagrees. As discussed above, the Court finds that the remedies provided under USERRA and Military and Veterans Code section 394 are neither exclusive nor adequate to fully compensate Plaintiff for his alleged losses. The rule is therefore inapplicable in this case.

### C. Whether Punitive Damages Would Amount to Double Recovery

Defendant next argues that Plaintiff should not be allowed to recover both liquidated damages under USERRA and punitive damages pursuant to his state law tort claim because the claims are based on the same conduct. Mot. at 6-7. In response, Plaintiff argues that liquidated damages and punitive damages are distinguishable and cites to an unpublished Sixth Circuit case in support. Opp. at 5 (citing *Koehler v. PepsiAmericas, Inc.*, 268 Fed. Appx. 396 (6th Cir. 2008)). The Court agrees with Defendant. In California, "[i]f a plaintiff successfully brings a common law tort based on the same conduct that supports the imposition of a statutory penalty, then the plaintiff may recover punitive damages." *Woo v. The Home Loan Group, L.P.,* 2007 WL 6624925, at *6 (S.D. Cal. July 27, 2007) (citing *De Anza Santa Cruz Mobile Estates Homeowners Ass'n v. De Amza Santa Cruz Mobile Estates*, 94 Cal. App. 4th 890, 912 (2001)). "In such a case, however, the plaintiff must make an election between the two theories of recovery, since [the plaintiff] cannot recover both punitive damages and statutory penalties as that would constitute a prohibited double penalty." *Id*. (citations omitted); *see also Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*, 2008 WL 4332528, at *3 (C.D.

1 Cal. Sept. 22, 2008) (plaintiff could recover statutory penalties under California statute or tort damages, but not both). In this case, Plaintiff seeks both liquidated damages under USERRA and punitive damages pursuant to his state wrongful termination claim. Should the jury return a verdict for Plaintiff, he must elect between liquidated damages under USERRA or punitive damages pursuant to California law. *See Clauson v. Superior Ct of Los Angeles*, 67 Cal App. 4th 1253, 1256 (1998).

**D.    Plaintiff's Omission of Punitive Damages in the Pretrial Statement**

Finally, Defendant argues that Plaintiff is precluded from seeking punitive damages because he failed to include it as part of the relief he was seeking in the parties' joint pretrial statement. *See* Dkt. No. 83. Plaintiff does not dispute this, but explains that the omission was inadvertent. Opp. at 6. However, as Plaintiff points out, his Complaint and the parties' joint case management conference statement asserts that he is seeking punitive damages, thus Defendant has been on notice since the inception of the case that punitive damages were at issue. *See* Compl. at 9, Dkt. No. 1; Joint CMC Smnt. at ¶ 11, Dkt. No. 10. In fact, even after Plaintiff omitted punitive damages from the pretrial statement, Defendant filed a motion to bifurcate punitive damages from the liability phase of trial, illustrating that Defendant still believed punitive damages were in play. Moreover, there is no evidence suggesting that the omission of punitive damages in the pretrial statement was the result of an agreement between the parties or an intentional waiver of such damages by Plaintiff. Further, Defendant cannot show any prejudice as a result of Plaintiff's omission in the pretrial statement. Thus, the Court rejects Defendant's argument.

## III.    CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff may seek punitive damages as part of his California claim for wrongful discharge in violation of public policy. Plaintiff, however, must elect between liquidated damages or punitive damages should he prevail at trial. Accordingly, Defendant's Motion to Preclude Recovery of Punitive Damages at Trial (Dkt. No. 101) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 4, 2013

_____
Maria-Elena James
United States Magistrate Judge

8