UNITED STATES DISTRICT COURT

Northern District of California

DIWAN WILLIAMS,

Plaintiff,

v.

SYSCO SAN FRANCISCO, INC.,

Defendant.

_______________________________________/

No. C 10-03760 MEJ

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION RE RULING ON EVIDENCE OF LAST CHANCE AGREEMENTS; ORDER RE MOTION TO AMEND EXHIBIT LIST**
[Dkt. Nos. 107, 108]

On April 3, 2013, Plaintiff Diwan Williams filed the instant Motion for Reconsideration regarding the Court's ruling on Defendant Sysco's motion in limine to preclude Plaintiff from presenting evidence regarding "last chance agreements" offered to other Sysco employees. Specifically, the Court ruled:

> Plaintiff may present evidence that other employees who, like Plaintiff, were *exclusively* under the new attendance policy (*i.e.*, they were not covered under the previous attendance policy) were provided last chance agreements after they accrued sufficient points for termination.

Dkt. No. 106 at 5. The Court further indicated that "Defendant shall provide to Plaintiff any discovery necessary regarding whether individuals who were offered last chance agreements were under Defendant's old or new attendance policy." *Id.*

In his Motion, Plaintiff contends that on March 29, 2013, Defendant produced evidence regarding the last chance agreements provided to three employees, which Plaintiff argues demonstrate that the employees were similarly situated to Plaintiff in terms of whether they were covered by Defendant's new attendance policy.

The Court has thoroughly considered Plaintiff's arguments and reviewed the documents attached to his Motion and rules as follows.

UNITED STATES DISTRICT COURT
For the Northern District of California

It is undisputed that "Employee C" only received attendance violations under the March 2009 attendance policy. Accordingly, consistent with the Court's prior ruling, evidence regarding any last chance agreement provided to Employee C is not precluded.

However, with respect to Employee A and Employee B, the Court finds that both Employees had attendance violations under the pre-March 2009 attendance policy.

As Plaintiff acknowledges, Employee A only received one warning under the March 2009 policy. Thus, Employee A was not covered exclusively by the March 2009 policy, and is therefore not similarly situated to Plaintiff in that respect.

With respect to Employee B, although Plaintiff has alleged that the 2 attendance points Employee B accumulated under the pre-March 2009 policy were removed and thus not considered as part of Employee B's attendance points accumulated under the new policy, the evidence does not demonstrate that Defendant completely ignored the fact that Employee B had received points under both policies when deciding whether to offer a last chance agreement. Thus, the fact that Employee B had at least accumulated some points under the pre-March 2009 policy is sufficient to distinguish Employee B from Plaintiff such that they are not similarly-situated. While there is some dispute as to the extent to which Defendant took those violations into account when determining whether to offer last chance agreements, there is testimony in the record from Defendant that the confusion that resulted from the transition from the old attendance policy to the new policy was taken into consideration when offering last chance agreements. Moreover, because Employee B accumulated points under both policies, any probative value regarding the last chance agreement offered to Employee B is substantially outweighed by the danger of unfair prejudice, potentially misleading the jury, and consideration of undue delay.

Accordingly, Plaintiff shall be precluded from proffering evidence or argument relating to last chance agreements offered to Employee A and Employee B.

Plaintiff has also requested, by separate motion, to amend his exhibit list to add the documents Defendant produced on March 29th. The Court **GRANTS** Plaintiff's request with respect to documents relating to Employee C, but **DENIES** Plaintiff's request as to documents relating to

Employees A and B.

**IT IS SO ORDERED.**

Dated: April 5, 2013

Maria-Elena James
United States Magistrate Judge